UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
WALLICK RICHARDSON,

                Plaintiff,

      - against -

GABRIELLA F. RICHMAN, *et al.*,

                Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-5155 (PKC) (MMH)

PAMELA K. CHEN, United States District Judge:

On September 18, 2025, Plaintiff Wallick Richardson, proceeding *pro se*, commenced this action against four New York State Family Court (the "Family Court") administrative officers in their official capacity alleging violations of his civil rights and challenging his child support obligations. (*See* Compl., Dkt. 1 at ECF[1] 50–52.) Plaintiff seeks a judgment for monetary and declaratory relief. (*Id.* at ECF 2.) For the reasons set forth below, the Court concludes that it lacks subject matter jurisdiction over his Complaint. Plaintiff shall file a submission on or before November 20, 2025 explaining why Plaintiff's claims should not be dismissed for the reasons further described in this Order. If Plaintiff fails to file by that date a submission that explains why this Court has subject matter jurisdiction over his claims, then the Court will dismiss this action without prejudice and without providing Plaintiff further notice or opportunity to be heard.

## BACKGROUND

Plaintiff's Complaint challenges orders of the Family Court requiring him to pay child support and the enforcement of those orders. (*See generally*, Compl., Dkt. 1, at ECF 4–42.)

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Plaintiff claims injuries due to "financial, emotional and reputational" harms, pointing to a 2024 seizure of bank funds and threats to suspend his driver's license. (*See id.* at ECF 4, 22–24.) Plaintiff seeks damages totaling $5,500,000, a declaration that the actions taken by the Family Court and related agencies "were unauthorized and void," and an injunction against further "unauthorized actions" by the Family Court. (*Id.* at ECF 44, 54.) Plaintiff paid the filing fee to commence this action. (Dkt. 2)

## LEGAL STANDARD

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the Court must be mindful that a plaintiff's pleadings should be "liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citations omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

Nonetheless, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter, regardless of whether a plaintiff has paid the filing fee. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam) (citations omitted); *see also Jean-Baptiste v. Westside Donut Huntington Ventures LLC*, No. 23-826, 2023 WL 8015698, at *1 (2d Cir. Nov. 20, 2023) (affirming *sua sponte* dismissal of *pro se* complaint without prior notice to fee-paying

plaintiff) (citations omitted); *see* Fed. R. Civ. P. 12(h)(3). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time . . . by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) (citations omitted); Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Referencing a host of state and federal laws, including defamation, the Uniform Commercial Code, and the United States Constitution, as well as his alleged status as a "sovereign state citizen," Plaintiff asks the Court to nullify a determination of a New York state court regarding Plaintiff's obligation to pay child support and to reverse New York's collection and enforcement efforts. (*See* Compl., Dkt. 1, at ECF 16–17, 32–33, 38–39, 44–45.) But under the domestic-relations abstention doctrine, federal district courts are directed to abstain from exercising subject matter jurisdiction over claims involving domestic relations issues when those claims can be fully and fairly determined in the state courts. *See Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990); *see also Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) ("*American Airlines* continues to be the law of this Circuit[.]").

Since Plaintiff's claims concern only the enforcement and validity of a state court's child support order, this case falls under the scope of the domestic-relations abstention doctrine. *See Legister v. Radowitz*, No. 20-CV-9330 (LLS), 2020 WL 7405672, at *4 (S.D.N.Y. Dec. 16, 2020) (applying the domestic-relations abstention doctrine where plaintiff sought to challenge determinations of the Family Court, including whether plaintiff had to pay child support and the amount owed); *Myers v. Sara Lee Corp.*, No. 08-CV-1421 (KAM), 2009 WL 10706711, at *10 (E.D.N.Y. Apr. 13, 2009) (finding that abstention would be "mandated" where plaintiff challenged lack of child support payments and exercise of jurisdiction would "require interference with the ability of the Family Court to modify ongoing child support obligations"). Although Plaintiff

claims he "has submitted multiple objections and requests for review" to state judicial bodies that were not "adequately addressed or resolved," he does not allege any facts or details that would allow the Court to conclude that he cannot receive a full and fair adjudication of his grievances without this Court's exercise of jurisdiction. Accordingly, the Court must abstain from exercising jurisdiction in this case. *See Am. Airlines, Inc.*, 905 F.2d at 14.

Nevertheless, "[i]n general, a district court's failure to provide an opportunity to be heard prior to a *sua sponte* dismissal . . . is, by itself, grounds for reversal." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 83 (2d Cir. 2018). Therefore, through this Memorandum & Order, the Court gives Plaintiff notice of the reason it intends to dismiss his claims. The Court also grants Plaintiff the opportunity to argue why his Complaint should not be dismissed. Plaintiff shall file a submission on or before November 20, 2025, explaining why his Complaint should not be dismissed for lack of subject matter jurisdiction in accordance with the domestic-relations abstention doctrine. If Plaintiff fails to file a response by that date or submit a valid request for an extension of time before that date, the Court will dismiss this action for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons set forth above, Plaintiff is directed to show cause in writing no later than November 20, 2025, explaining why the Complaint should not be dismissed, without prejudice, for lack of subject matter jurisdiction. Although Plaintiff has paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, denies Plaintiff *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 or online at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project for free, confidential, limited-scope legal assistance. The Court notes that the Federal Pro Se Legal Assistance Project is not part of, or affiliated with, the United States District Court.

The Clerk of Court is respectfully directed to mail a copy of this Memorandum & Order to Plaintiff and to note the mailing on the docket.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 21, 2025
       Brooklyn, New York

5