UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
WALLICK RICHARDSON,

                Plaintiff,

         - against -

GABRIELLA F. RICHMAN, *et al.*,

              Defendants.

-------------------------------------------------------x

                **MEMORANDUM & ORDER**
                25-CV-5155 (PKC) (MMH)

PAMELA K. CHEN, United States District Judge:

On September 18, 2025, Plaintiff Wallick Richardson, proceeding *pro se*, commenced this action against four New York State Family Court administrative officers in their official capacity alleging violations of his civil rights and challenging his child support obligations. (*See* Compl., Dkt. 1, at ECF[1] at 50–52.) By Order dated October 21, 2025, the Court concluded that it lacks subject matter jurisdiction over his Complaint and ordered Plaintiff to file a submission on or before November 20, 2025, explaining why his claims should not be dismissed. (Mem. & Order, Dkt. 5, at 1.) It explained that "[s]ince Plaintiff's claims concern only the enforcement and validity of a state court's child support order, this case falls under the scope of the domestic-relations abstention doctrine," which in turn directs federal district courts "to abstain from exercising subject matter jurisdiction over claims involving domestic relations issues when those claims can be fully and fairly determined in the state courts." (*See id.* at 3 (first citing *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990); then citing *Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019); then citing *Legister v. Radowitz*, No. 20-CV-9330 (LLS), 2020 WL 7405672, at *4 (S.D.N.Y. Dec.

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

16, 2020); and then citing *Myers v. Sara Lee Corp.*, No. 08-CV-1421 (KAM), 2009 WL 10706711, at *10 (E.D.N.Y. Apr. 13, 2009)).)

The Order thus stated that if Plaintiff failed to file a submission explaining why this Court should exercise subject matter jurisdiction over his claims, the Court would dismiss this action without prejudice and without providing Plaintiff further opportunity to be heard.  (*Id.*)  The Court has not received any filings from Plaintiff since.  Accordingly, the action is dismissed without prejudice for lack of subject matter jurisdiction.

The Clerk of Court is respectfully directed to enter judgment and close this case.  The Clerk of Court is also respectfully requested to mail a copy of this Order to Plaintiff and to note the mailing on the docket.  Although Plaintiff has paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, denies Plaintiff *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 15, 2025
        Brooklyn, New York